O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLOBAL PRIVATE FUNDING, INC., a California corporation, | ) ) ) | Case No. CV 13-04622 DDP (MANx) |
| | ) | ORDER GRANTING DEFENDANTS' |
| | ) | EMPYREAN WEST, LLC, JAY CARTER, |
| Plaintiff, | ) | AND DAVID KELLER'S |
| | ) | MOTION TO DISMISS UNDER RULE |
| v. | ) | 12(B)(6) |
| | ) | |
| EMPYREAN WEST, LLC, an Arizona corporation; JAY L. CARTER, individually and as managing partner of EMPYREAN WEST LLC; DAVID C. KELLER, individually and as CEO of EMPYREAN WEST LLC; U.S. FUEL CORPORATION, a Nevada corporation; HARRY BAGOT, individually and as President/CEO of US FUEL CORPORATION; STANLEY N. DRINKWATER, III, individually and as Chairman of the Board; US FUEL CORPORATION; WILLIAM CHADY, individually and as Chief Operating Officer of US FUEL CORPORATION; ROBERT SCHWARTZ, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | [DKT No. 10] |
| Defendants. | ) | |

 Before the Court is Defendants Empyrean West, LLC, Jay Carter, and David Keller (collectively, "Defendants")'s Motion to Dismiss

Plaintiff Global Private Funding, Inc.'s Complaint under Rule 12(b)(6). (DKT No. 10.)

The Court has reviewed the parties' submissions. (DKT Nos. 1, 10, 33, 45.) The Complaint is difficult to decipher, both because the factual elements of the Complaint's twenty-one causes of action are in many cases not presented, even in summary form, as part of the claims and because Plaintiff has alleged an excessive number of claims given the Complaint's relatively sparse and unclear factual allegations. "A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a)." Donahoe v. Arpaio, 869 F. Supp. 2d 1020, 1076 (D. Ariz. 2012) aff'd sub nom. Stapley v. Pestalozzi, 733 F.3d 804 (9th Cir. 2013) (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988). See also McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir.1996) ("Something labeled a complaint ... yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.") Defendants have identified deficiencies with respect to Plaintiff's pleadings as to each of the claims Defendants move to dismiss (Counts II through XXI). Plaintiff appears to concede that several of its claims are insufficiently pled. (Opposition at 4, 6, 7.)

Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED, with leave to amend. The parties' lead counsel are ordered to meet and confer in person within 10 days of this Order and to use every means possible to limit the claims to only those that are plausible. Plaintiff is ordered to submit an

amended complaint within 20 days of this Order. Failure to meet and confer as ordered here may result in sanctions.

IT IS SO ORDERED.

Dated: February 20, 2014

DEAN D. PREGERSON
United States District Judge