O

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  GLOBAL PRIVATE FUNDING,        )  Case No. CV 13-04622 DDP (MANx)
    INC., a California             )
12  corporation,                   )  **ORDER GRANTING IN PART AND**
                                   )  **DENYING IN PART DEFENDANTS'**
13                    Plaintiff,    )  **MOTIONS TO DISMISS PLAINTIFF'S**
                                   )  **FIRST AMENDED COMPLAINT**
14        v.                       )
                                   )  [DKT. NOS. 53, 61]
15  EMPYREAN WEST, LLC, an         )
    Arizona corporation; JAY L.    )
16  CARTER, individually and as    )
    managing partner of EMPYREAN   )
17  WEST LLC; DAVID C. KELLER,     )
    individually and as CEO of     )
18  EMPYREAN WEST LLC; U.S. FUEL   )
    CORPORATION, a Nevada          )
19  corporation; HARRY BAGOT,      )
    individually and as            )
20  President/CEO of US FUEL       )
    CORPORATION; STANLEY N.        )
21  DRINKWATER, III,               )
    individually and as Chairman   )
22  of the Board; US FUEL          )
    CORPORATION; WILLIAM CHADY,    )
23  individually and as Chief      )
    Operating Officer of US FUEL   )
24  CORPORATION; ROBERT            )
    SCHWARTZ, individually,        )
25                                 )
                    Defendants.    )
26                                 )
    _____    )
27

28  ///

1    Presently before the Court are two motions to dismiss

2    Plaintiff's First Amended Complaint, filed by two different groups

3    of defendants (the "Motions"). (Docket Nos. 53, 61.) For the

4    reasons stated in this order, U.S. Fuel's motion is GRANTED and

5    Empyrean, Carter, and Keller's motion is GRANTED IN PART and DENIED

6    IN PART.

7    **I. Background**

8    Plaintiff's First Amended Complaint ("FAC") is difficult to

9    decipher. As best the Court can understand, Plaintiff's allegations

10   are as follows.

11   Plaintiff Global Private Equity, Inc. ("Plaintiff" or

12   "Global") is a private, equity-based lender to established

13   companies, as well as startups, offering business, financial, and

14   technical services to its clients. (FAC ¶ 2.) Defendant Empyrean

15   West, LLC ("Empyrean") is engaged in the business of funding United

16   States businesses which support local economic development through

17   foreign investments. (Id.) Defendants Jay Carter ("Carter") and

18   David Keller ("Keller") are, respectively, the managing partner and

19   CEO of Empyrean. (Id. ¶¶ 7, 8.)

20   On July 30, 2012, Plaintiff executed a confidentiality and

21   non-disclosure agreement with Empyrean which formed the initial

22   basis of the business relationship between the two companies. (Id.

23   ¶ 20.) On August 31, 2012, Plaintiff and Empyrean entered into a

24   Master Service Agreement ("MSA"), to which the confidentiality

25   agreement was attached. (Id.) Under the MSA, Plaintiff agreed to

26   perform various business-related services for Empyrean, including

27   "business incubation, business sales, merges [sic] and

28   acquisitions, company formation, restructing [sic], project

funding, financial packaging, real estate sales, financing, marketing, advertising, online development, technology applications, infrastructure and telecom services." (Id.) The MSA also included a Business Incubation Addendum, executed on September 29, 2012. (Id.) Empyrean agreed to furnish foreign investors for Plaintiff's clients under the EB-5 visa program. (Id.) Empyrean also agreed to pay Plaintiff 10% of the gross revenue, plus a deferred percentage of other revenues generated. (Id. ¶ 22.)

On July 19, 2012, U.S. Fuel executed a confidentiality and non-disclosure agreement with Plaintiff defining the business relationship between the two companies. (Id. ¶ 23.) On August 13, 2012, Plaintiff and U.S. Fuel entered into a Master Service Agreement ("MSA"), to which the confidentiality agreement was attached. (Id.)

Plaintiff alleges that it provided Empyrean "confidential information concerning their clients with the intention of obtaining financing for various projects through the resources of particular foreign investors through the foreign investment program management by [Empyrean]." (Id. ¶ 28.) Plaintiff alleges that although it "provided the projects for [Empyrean] to fund," Empyrean "was unable to produce a single investor from any location, whether in the United States or in any foreign country." (Id. ¶ 27.) Essentially, Plaintiff alleges that it provided Empyrean with multiple investment opportunities, each of which Empyrean found some fault with. (Id. ¶ 37.) Then, after rejecting the project, Empyrean would work directly with the underlying company on the project on the very same terms proposed by Plaintiff, leaving Plaintiff out and thus avoiding payment of any

1  percentages owed to Plaintiff as a result of Plaintiff's services

2  in finding investment opportunities for Empyrean. (Id. ¶ 36.)

3  Empyrean commenced one such project with U.S. Fuel, apparently a

4  client of Plaintiff. (Id. ¶ 35.) Empyrean and U.S. Fuel each told

5  Plaintiff that they intended to terminate their MSAs with Plaintiff

6  because of purported breaches by Plaintiff. (Id. ¶¶ 35, 39.)

7      The Court previously dismissed Plaintiff's Complaint without

8  prejudice. (Docket No. 47.) Plaintiff then filed the FAC, bringing

9  eighteen causes of action against various defendants. (Docket No.

10  51.) Defendants have now moved to dismiss the FAC. (Docket Nos. 53,

11  61.) After the Motions were filed, Plaintiff stipulated to dismiss

12  certain defendants and withdrew some causes of action. (See Docket

13  Nos. 38, 83, 84, 85, 86, 87, 88.)

14  **II. Legal Standard**

15      A complaint will survive a motion to dismiss when it contains

16  "sufficient factual matter, accepted as true, to state a claim to

17  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

18  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

19  570 (2007)). When considering a Rule 12(b)(6) motion, a court must

20  "accept as true all allegations of material fact and must construe

21  those facts in the light most favorable to the plaintiff." Resnick

22  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint

23  need not include "detailed factual allegations," it must offer

24  "more than an unadorned, the-defendant-unlawfully-harmed-me

25  accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or

26  allegations that are no more than a statement of a legal conclusion

27  "are not entitled to the assumption of truth." Id. at 679. In other

28  words, a pleading that merely offers "labels and conclusions," a

4

1  "formulaic recitation of the elements," or "naked assertions" will

2  not be sufficient to state a claim upon which relief can be

3  granted. Id. at 678 (citations and internal quotation marks

4  omitted).

5     "When there are well-pleaded factual allegations, a court

6  should assume their veracity and then determine whether they

7  plausibly give rise to an entitlement of relief." Id. at 679.

8  Plaintiffs must allege "plausible grounds to infer" that their

9  claims rise "above the speculative level." Twombly, 550 U.S. at

10 555. "Determining whether a complaint states a plausible claim for

11 relief" is a "context-specific task that requires the reviewing

12 court to draw on its judicial experience and common sense." Iqbal,

13 556 U.S. at 679.

14 **III. Discussion**

15    A. <u>Dismissed Defendants and Claims</u>

16    Since Plaintiff's filing of the FAC, Plaintiff has agreed to

17 dismiss certain defendants entirely and has dismissed some causes

18 of action as to the remaining defendants. Plaintiff has dismissed

19 Defendants Harry Bagot, Stanley N. Drinkwater III, William Chady,

20 Robert Schwartz, and Paul Adams. (<u>See</u> Docket Nos. 38, 83, 84, 85,

21 86.) Therefore, the Court does not analyze the sufficiency of

22 Plaintiff's FAC as to causes of action asserted against these

23 defendants and deems all such causes of action dismissed. The

24 defendants who remain in this action are U.S. Fuel, Empyrean,

25 Carter, and Keller (collectively, "Remaining Defendants").[1]

26

27    [1]It is unclear from Plaintiff's FAC whether Plaintiff intended
   to name John Fairweather and Steven Luck as additional defendants
28 in this action. Fairweather and Luck have yet to appear in this
                                              (continued...)

1    Plaintiff also concedes dismissal of certain causes of action

2 against the Remaining Defendants in its oppositions to the Motions.

3 (See Docket Nos. 87, 88.) Plaintiff "withdraws" its third, fourth,

4 fifth, sixth, ninth, tenth, twelfth, sixteenth, seventeenth, and

5 eighteenth causes of action in their entirety. Additionally,

6 Plaintiff withdraws his eighth and fourteenth causes of action as

7 to Defendant U.S. Fuel. The remainder of this order, therefore,

8 addresses the sufficiency of the remaining claims only. The Motions

9 are GRANTED as to all withdrawn claims and as to the dismissed

10 defendants.

11    B. First Cause of Action: Breach of Contract

12    Plaintiff brings the first cause of action, for breach of

13 contract, against all Remaining Defendants. Defendants argue that

14 this cause of action is insufficiently pled because Plaintiff did

15 not attach the written contract allegedly breached to the FAC, nor

16 pled its contents verbatim. Plaintiff contends that it is

17 sufficient that the contract was included as an attachment to its

18 original complaint. U.S. Fuel further argues that the allegations

19 in the FAC do not establish a breach of contract claim as to U.S.

20 Fuel, since the contract focused on in the FAC is a contract

21 between Plaintiff and Empyrean.

22    The Court finds that Plaintiff's complaint is deficient

23 because Plaintiff failed to attach a copy of each contract

24 allegedly breached to the FAC. See Gilmore v. Lycoming Fire Ins.

25 Co., 55 Cal. 123, 124 (1880). The original complaint was dismissed

26 _____

27    [1](...continued)
action, and it appears that they have not been served. They have

28 not filed anything in this action or joined in either of the
Motions.

1    by the Court, and the attachment of the contracts at issue to the

2    original complaint is irrelevant for purposes of determining

3    whether Plaintiff's FAC is sufficient.

4         Further, as to Defendant U.S. Fuel, though Plaintiff alleges

5    the existence of a contract with U.S. Fuel and includes some detail

6    regarding the terms of the contract, nowhere does Plaintiff allege

7    how U.S. Fuel purportedly breached its contract with Plaintiff.

8    Rule 8 requires more, such that U.S. Fuel is on notice as to the

9    alleged breach to which it will need to prepare a defense. Both

10   this deficiency and the failure to attach the contracts at issue

11   are potentially remediable through amendment. Therefore, the Court

12   GRANTS the Motions as to this cause of action and DISMISSES

13   Plaintiff's contract claim WITHOUT PREJUDICE.[2]

14        C. Second Cause of Action: Intentional Interference with
             Prospective Economic Advantage

15

16        Plaintiff brings the second cause of action against Defendant

17   Empyrean only. Intentional interference with prospective economic

18   advantage protects against intentional acts designed to harm an

19   economic relationship which is likely to produce economic benefit.

20   See Shamblin v. Berge, 166 Cal.App.3d 118, 123 (1985). However,

21   mere interference is not enough: "The tort of intentional

22   interference with prospective economic advantage is not intended to

23

24        [2]Plaintiff's FAC purports to bring this cause of action

25   against all defendants, which would include Remaining Defendants
     Carter and Keller. However, whether Plaintiff actually entered into

26   any contract with Carter or Keller individually, as opposed to with
     Empyrean as an entity, is unclear. Though Carter and Keller do not

27   argue the sufficiency of the allegations as to them specifically,
     Plaintiff should clarify upon amendment whether its contract claim

28   is asserted against these individuals and, if so, the contract
     Plaintiff relies on for that assertion.

1  punish individuals or commercial entities for their choice of

2  commercial relationships or their pursuit of commercial objectives,

3  unless their interference amounts to independently actionable

4  conduct." <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal.4th

5  1134, 1158-59 (2003). "[A]n act is independently wrongful if it is

6  unlawful," meaning that the act is prohibited "by some

7  constitutional, statutory, regulatory, common law, or other

8  determinable legal standard." <u>Id.</u> at 1159.

9      Here, Plaintiff has not alleged sufficient facts to establish

10  that Empyrean's conduct in pursuing its "projects" with U.S. Fuel

11  and other entities and bypassing Empyrean's involvement in the

12  projects is independently unlawful. Although Plaintiff's FAC

13  suggests a purpose behind Empyrean's actions that might be

14  considered improper, Plaintiff does not allege how Empyrean

15  violated another specific law. Therefore, the Court GRANTS the

16  Motions as to this cause of action and DISMISSES Plaintiff's

17  intentional interference with prospective economic advantage claim

18  WITHOUT PREJUDICE.

19      D. <u>Seventh Cause of Action: Commercial Defamation</u>

20      Plaintiff brings the seventh cause of action against Defendant

21  Empyrean only. The parties agree that this cause of action appears

22  to be on the grounds of slander. "Slander is a false and

23  unprivileged publication, orally uttered ... which: (1) Charges any

24  person with crime, or with having been indicted, convicted, or

25  punished for crime; ... (3) Tends directly to injure him in respect

26  to his office, profession, trade or business, either by imputing to

27  him general disqualification in those respects which the office or

28  other occupation peculiarly requires, or by imputing something with

1  reference to his office, profession, trade, or business that has a

2  natural tendency to lessen its profits ... (5) Which, by natural

3  consequence, causes actual damage." Cal. Civ. Code § 46.

4      Plaintiff's allegations in regard to this cause of action are

5  insufficient. Plaintiff merely alleges that "Defendant Empyrean's

6  statements through its officers and employees to the clients of

7  [specified entities] were slanderous per se in that such statements

8  imputed to Plaintiff a crime and a lack of professional competence

9  and integrity." (FAC ¶ 79.) However, Plaintiff includes no

10  allegations as to the content of the allegedly slanderous

11  statements, nor how those statement bore on Plaintiff's commission

12  of a crime or lack of professional competence. Indeed, Plaintiff's

13  only response in opposition to the Motions is to say that "Global

14  did not attempt to state each and every slanderous statement

15  attributed to Empyrean, its officers and employees." (Opp., Docket

16  No. 88, p.4.) Therefore, the Court would GRANT the Motions as to

17  this cause of action and DISMISS Plaintiff's commercial defamation

18  claim WITHOUT PREJUDICE.

19      E. <u>Eighth, Eleventh, Thirteenth, and Fourteenth Causes of
        Action: Plaintiff's Fraud and Fraud-Related Claims</u>

20

21      Several of Plaintiff's remaining claims sound in fraud. Under

22  California law, "[t]he elements of intentional misrepresentation,

23  or actual fraud, are: (1) misrepresentation (false representation,

24  concealment, or nondisclosure); (2) knowledge of falsity

25  (scienter); (3) intent to defraud (i.e., to induce reliance); (4)

26  justifiable reliance; and (5) resulting damage." <u>Anderson v.</u>

27  <u>Deloitte & Touche</u>, 56 Cal.App.4th 1468, 1474 (1997) (internal

28  quotation marks and citations omitted). A claim for negligent

misrepresentation contains the same elements as a fraud claim, except that instead of knowledge of falsity, the statement must be made "without reasonable ground for believing it to be true." See, e.g., Hasso v. Hapke, 227 Cal.App.4th 107, 127 (2014). Claims sounding in fraud are subject to the heightened pleading standard of Rule 9(b), requiring a plaintiff to state "'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

It appears from Plaintiff's FAC that the conduct at the heart of Plaintiff's fraud claims is Empyrean's representation, in the course of doing business with Plaintiff, that Empyrean falsely assured Plaintiff that it could obtain investors under the EB-5 visa program and other investment sources and made false statements as to the nature and quality of those investors. (FAC ¶¶ 102-104.) Plaintiff identifies a particular instance in which Keller "stated that Empyrean had several investors who were willing and able to act with financial efforts and invest in several projects," a statement made in January or February 2013 to Sam Senev, Plaintiff's CEO. (Id. ¶ 33.) Ultimately, Plaintiff alleges that "Defendants did not produce a single investor or any project for Plaintiff's clients." (Id. ¶ 104.) Plaintiffs essentially alleges that the affirmative assurances of Empyrean that investors were forthcoming and the concealment of the fact that such investors would not be produced support Plaintiff's fraud-based claims.

The Court finds that Plaintiff has alleged sufficient facts to support his fraud-based claims against Defendants Keller and Empyrean. Plaintiff provides sufficient details, including who,

what, when, and how Keller, speaking on behalf of Empyrean, made an allegedly fraudulent representation. Further, Plaintiff alleges that "the foregoing misrepresentations were made with the intention that Plaintiff rely thereon" and that "Defendants never intended that the funding to Global's clients would ever go through." (Id. ¶¶ 105, 109.) Therefore, as to the representation made by Keller regarding Empyrean's ability and willingness to supply investors to Plaintiff, the Court finds that the FAC is sufficient and DENIES the Motions as to Defendants Keller and Empyrean.

However, as to Defendants Carter and U.S. Fuel, the allegations are insufficient. Nowhere does the FAC specify any specific misrepresentations that may be attributed to either of these defendants. As a result, the Court GRANTS the Motions as to Carter and U.S. Fuel and DISMISSES this cause of action as to them WITHOUT PREJUDICE. Further, to the extent that any misrepresentations other than the one identified above form the basis for Plaintiff's fraud-based claims, Plaintiff must amend to clarify that it bases these claims on those additional misrepresentations.

F. Fifteenth Cause of Action: Breach of Non-Competition Covenant

Plaintiff brings the fifteenth cause of action against all Remaining Defendants. Plaintiff alleges that "[a]n MSA and Addenda executed by Defendants U.S. Fuel and Empyrean both contain provisions for non-circumvention, non-solicitation, and no disparaging remarks." (FAC ¶ 145.) Plaintiff then alleges that "Empyrean and U.S. Fuel have systematically breached the MSA and Addenda." (Id. ¶ 146.) However, as with Plaintiff's contract claim,

11

1  without the benefit of the language of the covenant Plaintiff

2  alleges to have been breached, Plaintiff's allegations are

3  insufficient to establish a plausible claim. Further, as Defendants

4  point out, California law disfavors covenants not to compete and

5  only allows them in specific situations. <u>See, e.g.</u>, <u>Edwards v.</u>

6  <u>Arthur Andersen LLP</u>, 44 Cal.4th 937, 945-46 (2008). Plaintiff must

7  allege more facts regarding the alleged breach and how the

8  agreement itself is enforceable under California law. The Court

9  therefore GRANTS the Motions as to this claim and DISMISSES it

10  WITHOUT PREJUDICE.

11  **IV. Conclusion**

12      For the foregoing reasons, the Court GRANTS U.S. Fuel's motion

13  to dismiss (Docket No. 61). The Court GRANTS IN PART and DENIES IN

14  PART Empyrean, Keller, and Carter's motion to dismiss (Docket No.

15  53). All dismissed claims are dismissed WITHOUT PREJUDICE. Any

16  amended complaint correcting the deficiencies identified in this

17  order must be filed on or before September 25, 2014.

18

19  IT IS SO ORDERED.

20

21

22  Dated: September 11, 2014

23                                    DEAN D. PREGERSON
                                      United States District Judge

24

25

26

27

28