O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL PRIVATE FUNDING, INC., a California corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>EMPYREAN WEST, LLC, an Arizona corporation; JAY L. CARTER, individually and as managing partner of EMPYREAN WEST LLC; DAVID C. KELLER, individually and as CEO of EMPYREAN WEST LLC; U.S. FUEL CORPORATION, a Nevada corporation; HARRY BAGOT, individually and as President/CEO of US FUEL CORPORATION; STANLEY N. DRINKWATER, III, individually and as Chairman of the Board; US FUEL CORPORATION; WILLIAM CHADY, individually and as Chief Operating Officer of US FUEL CORPORATION; ROBERT SCHWARTZ, individually,<br><br>           Defendants.<br>_____ | Case No. CV 13-04622 DDP (MANx)<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' SIXTH COUNTERCLAIM**<br><br>[Dkt. No. 116] |

///

///

Presently before the Court is Defendants' motion for partial summary judgment as to the sixth counterclaim. Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

I.  BACKGROUND

The alleged facts of this case were discussed in the Court's order of September 11, 2014, and need not be rehearsed in detail for purposes of this motion. (Dkt. No. 91.) Briefly, Plaintiff and Defendant Empyrean West ("Empyrean") entered into a "Master Services Agreement" ("MSA") related to the business of connecting foreign investors to American investment opportunities. (Id.) Plaintiff's case is essentially that Defendants took its confidential business information, including leads, violating the MSA and leading to several other common law causes of action. (Second Amended Complaint generally.)

Pertinent to this motion, Defendants allege that the MSA contains a mandatory arbitration clause, which reads as follows:

> **Arbitration.** Except as otherwise provided herein, the Parties agree that all controversies, disputes or claims arising between [EMPYREAN], its officers, directors, agents, employees and attorneys (in there representative capacity) and GLOBAL, its officers, directors, agents, employees and attorneys (in there representative capacity), arising out of or related to: (1) this Master Services Agreement, any provision thereof or Addendum related thereto; (2) the relationship of the Parties hereto; or (3) the validity of this Master Services Agreement, any provision thereof or Addendum related thereto; shall be submitted for arbitration before and in accordance with the

2

> Commercial Arbitration Rules of the American Arbitration Association (AAA) then in effect.  This agreement to arbitrate shall be specifically enforceable. Demand for arbitration shall be made within a reasonable time after the claim, dispute, breach or other matter in question has arisen . . . .

(Decl. David Keller, Ex. 1, ¶ 13.1.)

The MSA also contained a provision awarding attorney's fees in the event of a "legal proceeding" contrary to the agreement:

> **Attorneys Fees.** Upon withdrawal, dismissal, or stay of any legal proceeding commenced contrary to the provisions of this Master Services Agreement, the Party initiating such proceeding shall promptly reimburse the other Party for its reasonable attorney's fees, costs and expenses incurred in connection therewith.

(Id. at ¶ 13.4.)

Defendants also allege that in May 2013 Plaintiff filed a suit in state court; that action was apparently parallel to, and substantially similar to, this action.  (RJN 1.)  Approximately two months later, the state court action was dismissed.  (RJN 79.) During that time, Defendants filed several motions to quash and a demurrer.  (RJNs generally.)

Defendants therefore bring this counterclaim seeking declaratory judgment that the state court action was a proceeding contrary to the provisions of the MSA and "whether GLOBAL is responsible to promptly reimburse EMPYREAN for its reasonable attorney's fees, costs, and expenses."  (Counterclaim, ¶ 105.)

///
///

3

## II. LEGAL STANDARD

A party may move for summary judgment with regard to any claim or defense or any part of any claim or defense. Fed.R.Civ.P. 56(a). The court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.

## III. DISCUSSION

**A.  Governing Law as to Declaratory Judgment**

Plaintiff objects to Defendants' use of Cal. Code. Civ. Proc. § 1060 as its cause of action for declaratory judgment in federal court, noting that § 1060 refers solely to the right to "bring an original action or cross-complaint in the superior court." Notwithstanding this language, however, the Ninth Circuit and the district courts in California have frequently treated a cause of action under § 1060 as appropriate in diversity-jurisdiction cases. E.g., Doe v. Gangland Prods., Inc., 730 F.3d 946, 960 (9th Cir. 2013). Assuming jurisdiction is otherwise satisfied, a plaintiff in federal court may seek declaratory relief under either § 1060 or the federal Declaratory Judgment Act. Standard Acc. Ins. Co. of Detroit, Mich. v. Winget, 197 F.2d 97, 105 (9th Cir. 1952). "In any event, whether state or federal law governs makes little difference; the standards are broadly equivalent." Brosious v. JP Morgan Chase Bank, N.A., No. 15-CV-00047-KJM-DAD, 2015 WL 3486953, at *3 (E.D. Cal. June 2, 2015).

The Court therefore concludes that there is no bar to a party seeking declaratory relief in federal court under § 1060 in a diversity action.

**B.   Inconsistency of Assertion and Waiver of the Right to Arbitrate**

Although Defendants claim to only seek a judgment that the state court proceeding was "contrary to" the MSA and that Plaintiff must reimburse Defendant Empyrean for litigation expenses, implicit in that judgment would be a finding that the arbitration clause is valid and binding on the parties.[1] But if that is true, then litigation in *this* case can only proceed to the merits if the parties waive, either implicitly or explicitly, their right to arbitrate.[2] A finding that the arbitration agreement is valid and binding as to this controversy and that the right to arbitrate has not been waived would seem to compel the conclusion that this case should be dismissed to be arbitrated. But that relief is not sought in this motion, and it is not clear that either party actually desires it.

On the other hand, if it is Defendant's position that it *does* waive its right to arbitrate, then a court proceeding would not be contrary to the MSA, which clearly contemplates the possibility of waiver by failure to assert the right. (Decl. David Keller, Ex. 1, ¶ 13.1 (requiring demand for arbitration to be made within a

---

[1] At oral argument, Defendants' counsel seemed to argue that the attorney's fee provision allows the "prevailing party" in *any* proceeding to claim attorney's fees. However, the plain language of the contract states that the provision only applies to proceedings "contrary to" the MSA. As far as the Court can determine, based on the exhibits and what was argued in the briefs, the only language in the contract limiting the institution of proceedings is the arbitration provision. A proceeding that is merely *about* the MSA would not be *contrary* to it, except inasmuch as it was initiated in violation of the arbitration provision.

[2] Defense counsel pointed out at oral argument that Empyrean is not required to demand arbitration, which is true but does not change the binding effect of the arbitration clause.

reasonable time after dispute arises); id. at ¶ 13.4 (allowing attorney's fees after "withdrawal, dismissal, or stay" – all typically associated with assertion of the right to arbitrate – but not after final judgment).) This case arises out of the same facts, the same contract, and substantially the same law as the state case. Thus, if Defendant Empyrean argues that it is waiving the right to arbitrate and proceeding to trial in this substantially identical case, it is inconsistent to demand the penalty for failure to arbitrate in the substantially identical state case. The right to arbitrate this case either is, or is not, important to Empyrean, but it cannot be both; nor may it be inconsistently invoked depending on the favorability of the forum. Parties may be barred from invoking an arbitration clause if they assert inconsistent positions regarding the right. Samson v. NAMA Holdings, LLC, 637 F.3d 915, 934-36 (9th Cir. 2011).

Moreover, Defendants' request for enforcement of the arbitration provision as to the state court proceeding is contrary to the policy considerations that normally militate in favor of enforcing arbitration agreements. "In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685 (2010). Those benefits, which undergird the "liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983), are vitiated where a party invokes the contract's non-arbitration

6

penalty clause in order to acquire attorney's fees but makes no effort to actually use arbitration to reduce fees or make dispute resolution more efficient.

The Court therefore declines to grant this motion but does so without prejudice. If Defendants wish to file a motion to compel arbitration, the Court will adjudicate the applicability of the arbitration agreement, including the possibility of waiver given the advanced stage of the proceedings,[3] in that motion, and will consider the award of attorney's fees as to both the state and federal cases at that time as well.

**IV. CONCLUSION**

The motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 16, 2015

DEAN D. PREGERSON
United States District Judge

---

[3] "In determining waiver, a court can consider (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party." Saint Agnes Med. Ctr. v. PacifiCare of California, 31 Cal. 4th 1187, 1196, 82 P.3d 727, 733 (2003) (quotation marks omitted). See also Creative Telecommunications, Inc. v. Breeden, 120 F. Supp. 2d 1225, 1233 (D. Haw. 1999) (collecting cases).